# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 14-0194 JGB (JEMx)** | Date | February 13, 2014 |
|---|---|---|---|

Title  *Colfin AI-CA LLC v. Michael Williams, et al.*

---

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present    None Present

**Proceedings:**   **Minute Order REMANDING Action to California Superior Court for the County of Riverside (IN CHAMBERS)**

## I.  BACKGROUND

On November 27, 2013, Plaintiff Colfin AI-CA, LLC ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Michael Williams ("Williams"), Brandi Hampton ("Defendants") and fictitious defendants in the California Superior Court for the County of Riverside.  (Not. of Removal, Exh. A, Doc. No. 1.)  On January 31, 2014, Williams removed the action to this Court.  (Not. of Removal.)  Plaintiff filed an ex parte application to remand to Riverside County Superior Court and a motion to remand the action simultaneously on February 10, 2014.  (Doc. Nos. 5-6.)  For the reasons discussed below, the Court lacks subject matter jurisdiction over this action and remands it to state court.

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S.

215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. DISCUSSION

Williams alleges removal is proper on the basis of federal question under 28 U.S.C. § 1331. For the reasons outlined below, the Court lacks subject matter jurisdiction over this unlawful detainer action.

**A.      Federal Question**

Williams claims federal question jurisdiction on the basis of numerous federal statutes, including, the Protecting Tenants at Foreclosure Act ("PTFA"), the Dodd-Frank Wall Street Reform Act, the American Recovery and Reinvestment Act, the Securities Act, the Exchange Act, and violations of 28 U.S.C. § 1983 under the Equal Protection Clause and Due Process Clause. (Not. of Removal at 2, 4, 6.) In order for removal to be proper, Williams must show that Plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. See Wells Fargo Bank v. Lapeen, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. 10-8203, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010).) The Complaint does not state a claim under any of the listed statutes. Further, Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiff is entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit to Defendant was served as required by California Code of Civil Procedure § 1161a. Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977). Williams' primary contention is that the Complaint is "based upon the PTFA, but it was brought in State court, and misnomered 'unlawful detainer.'" (Not. of Removal at 9.) The PTFA's provisions requiring that notice be given ninety days in advance and preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary residence, see P.L. No. 111-22 § 702(a)(2)(A), offer Williams a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements. A federal defense, however, does not support federal-question jurisdiction. *Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1075 (9th Cir. 2005). William's arguments regarding removal of an unlawful detainer action under the PTFA have been considered and rejected by numerous courts in this circuit. See Wescom Credit Union v. Dudley, No. CV 10–8203 GAF (SSx), 2010

WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010); SD Coastline LP v. Buck, 10CV2108 MMA NLS, 2010 WL 4809661 (S.D. Cal. Nov. 19, 2010); Aurora Loan Servs., LLC v. Martinez, No. C10–01260 HRL, 2010 WL 1266887, at * 1 (N.D. Cal. Mar. 29, 2010).  Accordingly, due to the absence of a federal claim or substantial question of federal law, Williams has not shown the Court has jurisdiction based on a federal question under 28 U.S.C. § 1331.

### B.    Civil Rights Removal

Williams also cites 28 U.S.C. § 1443 in support of removal.  Section 1443(1) provides for the removal of any civil or criminal case commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]"  28 U .S.C. § 1443(1).  Removal under § 1443(1) requires defendant to satisfy a two-part test: (1) defendant "must assert, as a defense to the prosecution, rights that are given to [the defendant] by explicit statutory enactment protecting equal racial civil rights;" and (2) defendant "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (internal citation omitted).  Williams fails to meet both prongs of the test.

A removal notice under section 1443(2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws.  City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 828 (1966).  Williams does not seem to assert removal is proper under section 1443(2), and regardless, that section would not apply in this instance; consequently, the Court addresses removal under only subsection (1).

As to Section 1443(1) removal, in State of Georgia v. Rachel, 384 U.S. 780 (1966), the Supreme Court held that the phrase 'any law providing for equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality.  However, Williams' broad contentions under the Fifth and Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.  Id. at 792.  See HSBC Bank USA v. Cabal, 10CV1621 WQH POR, 2010 WL 3769092, at *3 (S.D. Cal. Sept. 21, 2010) ("Defendant's Fifth and Fourteenth Amendment claims do not assert claims under laws providing for specific civil rights stated in terms of racial equality because they are generally applicable.").  Thus, Defendant has failed to satisfy the first prong for removal under § 1443.

The second element of Section 1443 removal requires that a petition for removal must allege, "not merely that rights of equality would be denied or could not be enforced, but that the denial would take place in the courts of the State[, and that] . . . the denial [must] be manifest in a formal expression of state law."  Rachel, 384 U.S. at 803.  Therefore, a litigant "must assert that the state courts will not enforce [a specified federal] right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  People of State of California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).  Williams appears to argue that his rights would not be enforced in state court

because an unlawful detainer action is a summary proceeding before a court of limited jurisdiction which cannot decide matters of federal securities or banking law and simply "rubber stamp all non-judicial foreclosures and summary evictions . . . without a review of the true issued." (Not. of Removal at 17.) This bare assertion is insufficient to invoke the Court's jurisdiction under § 1443 because Williams has failed to identify any specific state statute or constitutional provision that commands the state courts to ignore his federal rights. See Wells Fargo Bank Nat. Ass'n v. Vann, 13-CV-01148-YGR, 2013 WL 1856711 (N.D. Cal. May 2, 2013) (finding that removal was improper under § 1443 where defendant alleged that the "unlawful detainer complaint process itself denies homeowners . . . due process rights to unlimited jurisdiction cross complaint and discovery after sale"); HSBC Bank USA v. Kubik, 2:13-CV-1692 SVW-SH, 2013 WL 1694670, at *3 (C.D. Cal. Apr. 16, 2013) ("Defendant Kubik does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution."). Moreover, the allegations Defendant does make regarding the propriety of civil rights removal are entirely conclusory in nature. Section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis. See Bogart v. California, 355 F.2d 377, 380–81 (9th Cir. 1966). Consequently, removal is not proper under Section 1443.

## IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Williams has not met his burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

For the foregoing reasons, the Court REMANDS this action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**